UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH MAUGHAN, DEFENDERS OF WILDLIFE, WESTERN WATERSHEDS PROJECT, WILDERNESS WATCH, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>TOM VILSACK, U.S. Secretary of Agriculture; TOM TIDWELL, Chief U.S. Forest Service; NORA RASURE, Regional Forester of Region Four of the U.S. Forest Service, KEITH LANNOM, Payette National Forest Supervisor; and VIRGIL MOORE, Director, Idaho Department of Fish and Game,<br><br>Defendant. | Case No. 4:14-CV-0007-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above entitled matter is the Plaintiffs' Motion for Preliminary Injunction Pending Appeal and Expedited Ruling. (Dkt. 42.) The Motion is made pursuant to Federal Rule of Civil Procedure 62(c). The Federal Defendants filed a Response in Opposition to the Motion. (Dkt. 47.) Plaintiffs ask that the Court grant an injunction pending appeal to prohibit the Defendants from further implementation or facilitation of the

wolf management program that the Idaho Department of Fish and Game began in mid-December 2013. The Motion represents that the Defendants object to the requested injunction but take no position on the request to expedite the ruling. The Court finds as follows.

## DISCUSSION

On January 17, 2014, the Court issued its Order denying the Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction. (Dkt. 40.) Plaintiffs filed the instant Motion on the same day as well as their Notice of Appeal. (Dkt. 41, 42.) The Federal Defendants oppose the Motion. (Dkt. 47.)

A notice of appeal generally deprives a district court of jurisdiction over the subject of the appeal. Rule 62(c), however, provides an exception which allows the district court to retain jurisdiction to "suspend, modify, restore, or grant an injunction during the pendency of the appeal...." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citing Fed. R. Civ. P. 62(c)).[1] Thus, under Rule 62(c), "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Id.* at 935 (quotation marks omitted).

---

[1]Rule 62(c) provides:
While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
(1) by that court sitting in open session; or
(2) by the assent of all its judges, as evidenced by their signatures.
Fed. R. Civ. P. 62(c).

MEMORANDUM DECISION AND ORDER - 2

However, this rule does not permit a district court to "materially alter the status of the case on appeal." *Id.*

Whether the Court grants or denies the requested injunction is "an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (internal quotation marks omitted). In making such a determination, the Court considers whether the party requesting the relief establishes each of the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

**1. Likelihood of Success on the Merits**

The party seeking relief is not required "to show that it is more likely than not that they will win on the merits." *Lair*, 697 F.3d at 1204. Rather, the movant need only show "that there is a substantial case for relief on the merits." *Id.* Stated differently, the movant must demonstrate that there are "serious legal questions raised." *Id.* "Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir.1988).

For the reasons discussed in the Court's prior Order, the claims raised in the Amended Complaint do not raise serious legal questions nor present a substantial case for relief on the

merits. (Dkt. 40.) Although Plaintiffs disagree, on the current record there does not appear to have been a final agency action taken in this matter by the Federal Defendants that would give rise to the claims pursuant to the Administrative Procedure Act. (Dkt. 40, 42.) Furthermore, the Plaintiffs have not shown a likelihood of success on the substance of the claims themselves. (Dkt. 40.)

2.     **Irreparable Injury**

The second factor of the Rule 62(c) analysis requires the petitioner "to show ... that there is a probability of irreparable injury." *Lair*, 697 F.3d at 1214; *see also Leiva–Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (recognizing that a petitioner's "burden with regard to irreparable harm is higher that it is on the likelihood of success prong, as [it] must show that an irreparable injury is the more probable or likely outcome").

Plaintiffs maintain that the Court did not give due weight to the irreparable harm that the challenged wolf program is actively inflicting on the wilderness character of the Frank Church-River of No Return Wilderness. (Dkt. 42.) The declaration filed in support of the instant Motion attached a recent newspaper article indicating that the wolf program has resulted in the killing of two additional wolves since the last briefing was filed; a total of nine wolves have been killed since the program began in mid-December. (Dkt. 43.) In its prior Order, however, the Court did consider the Plaintiffs' argument concerning the irreparable harm. (Dkt. 40.) For the reasons stated therein, the Court maintains that, even considering the new material filed on this Motion, the Plaintiffs have not demonstrated that an immediate irreparable harm is likely given the growth of the wolf population in the area and the number

of wolves presently living in the area at issue. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 23 (2008); (Dkt. 40.)

### 3. Substantial Injury to Other Interested Parties and the Public Interest

Having determined that the Plaintiffs have failed to establish either the first or second factors, the Court need not discuss the remaining factors in the Rule 62(c) analysis.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion (Dkt. 42) is **DENIED**.

DATED: **January 27, 2014**

Honorable Edward J. Lodge
U. S. District Judge